## In the Matter to Establish the Will of William Wiswell, Deceased.

*Lost will—Testator's declarations as to contents.*

When a will is shown to have been in the custody of the testator and is not found at his death, the presumption is that he destroyed it.

But this presumption may be rebutted by evidence, and testator's subsequent declarations are admissible to show the contrary.

When the evidence showed that testator, after making his will, frequently spoke of its contents, and gave his reasons for making it; that he was in the same state of mind five days before he died, which was twenty-seven days before it was claimed the will was destroyed; and the circumstances showed that he was too ill to have destroyed his will on the day alleged, and there was no claim that he had made any other will, *Held,* that a copy of the will was entitled to probate.

*Decided April* 20, 1886.

William Wiswell, Jr., represents that he is the son of Wm. Wiswell, who departed this life on the 29th day of May, 1885; that said William Wiswell left three children, to wit: Sarah M. Lewis, George W. Wiswell, and the petitioner, who would be his only heirs at law if he had died intestate; that William Wiswell did not die intestate, but, on the contrary, left a will which was duly executed by him on the first day of January, 1879, a copy of which is attached to the petition.

He further alleges that the will was not revoked during the lifetime of said William Wiswell, and he prays the Court to establish the contents of the will and admit it to probate and record.

This application is resisted by Sarah M. Lewis and George W. Wiswell, on the ground that William Wiswell on the night of April 27th, 1885, destroyed his will, and died intestate.

*Howard Douglass* and *Charles Edgar Brown*, for the will.

*Kebler & Roelker, contra.*

Goeble, J.

It is an undisputed fact that William Wiswell made a will; that the copy attached to the petition is a true and correct copy; that the will was in existence and in the custody of William Wiswell up to the 27th day of April, 1885. After his death, a search

having been made for the will, it could not be found.

It is well settled as a principle of law that where a will is shown to have been in the custody of a testator and is not found at his death, the presumption is that the testator himself destroyed it, it being a presumption of fact which may be rebutted by evidence leading to the conclusion that the testator did not do that, which in the absence of evidence to the contrary, it is presumed he had done. Whether it is probable that William Wiswell destroyed his will may depend to a great extent upon what was contained in the will.

From the evidence it appears that William Wiswell, Jr., was for many years associated with his father in business, had his confidence and respect; that his son George was a spendthrift, and had been a source of great annoyance to him; that he had advanced to him, from time to time, money which, in the aggregate, would exceed his share of the estate; that his daughter Mrs. Lewis was well provided for, had more than he had, and, at the time the will was made, he had not been on friendly terms with her. To this I attach no significance, for at the time of his death and for several years prior thereto, they were on good terms.

The motive which prompted him to make a will in the manner he did is evident; at any rate, he had a

right to act upon his own view of what was right and proper.

Is it probable that he would at some subsequent time change his mind ? From the evidence it appears that after the making of the will, he frequently spoke of its contents, and gave his reason for making such will, and he evidently was in the same state of mind five days before he died, which was about twenty-seven days before it is claimed the will was destroyed by him. For on that occasion he spoke to Mr. Wright, saying he had made a will and had left "things" to William. Now, since it is not claimed that that he had made any other will, it is evident that he had reference to the will made January, 1879.

Is it possible that he would say to Wright that he had made his will and left "things" to William, when he knew twenty seven days before that he had destroyed it ? What motive prompted William Wiswell to say that, when he knew it was not true ? Wright had no interest in the matter.

It seems to me that he would not have concealed the fact that he had destroyed the will, and kept up the pretense of having given everything to William, which is inconsistent with the idea that he had changed his mind.

But aside from this, was it possible for William Wiswell to have destroyed his will on the night of the 27th day of April, 1885 ? In the afternoon

of that day, he was taken ill at his store and removed to his house, and occupied a room on the lower floor, being too ill to go upstairs. Dr. Craik came and prescribed for him. He occupied that room until about 6 o'clock, when Mr. Smith came and assisted him up stairs and put him to bed. Smith remained with him until 7:30 or 8 o'clock, and left him apparently asleep.

Dr. Craik called again and found him somewhat quiet. He had previously been in great pain and was very weak and feeble, so much so that at times he could not be understood, and spoke with great effort. In this condition we find him during that part of the evening in which it is alleged he destroyed his will.

Mrs. Wilson testifies that between 7 and 9 o'clock on that evening, he requested her to get his will, which she found in his secretary on the lower floor; that he read to her the contents of the will, said it was unjust and asked for a light and burned it; then handed her a general copy of the will, told her to keep it until he was better and then he would write another.

The conduct of this witness during the time a search was made for this will, her contradictory statements throughout her testimony, standing alone as a witness to the destruction of the will, when every circumstance points to testator's inability to destroy it in

the manner it is claimed he did, justifies me in saying that no reliance can be placed on her testimony, and it must be wholly disregarded. I have not deemed it necessary to go into the details of her testimony and point out the many inconsistent statements therein, nor am I called upon to suggest any theory which would account for the will not being found at the testator's death. One might be suggested.

It is sufficient for me to say and I so find, that Wm. Wiswell made a will on the first day of January, 1879, and that the contents of the will were as set out in the petition, and that he had not revoked it at any time when he had the opportunity.